[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Easton, Connecticut September 3, 1994. No children have been born to the plaintiff wife ("wife") since the date of the marriage. The wife is 30 years old and in apparent good health. She is a college graduate. Since the date of the separation of the parties in October 1998 she has lived at 35C Hiawatha Lane, Westport, Connecticut. She is a senior quality engineer with Hyperion in Stamford, Connecticut earning approximately $80,000 per year.
The defendant husband ("husband") is 34 years old and in apparent good health. He also has a college degree and some additional education. He resides in the family home at 99 Staples Road in Easton, Connecticut. He is a software engineer and earns approximately $92,000 per year.
The major asset of the parties is the family home in Easton which was built by the couple. Each offered extensive testimony regarding their respective contributions to the purchase, construction, and maintenance of the dwelling, including help by members of their respective families. They each also offered through testimony and written appraisals, evidence as to the fair market value of that property. These appraisals vary from high by the wife's appraiser of $650,000 to a low by the husband's appraiser of $534,000. There was testimony by the husband that he provided the initial down payment for the lot in the amount of $24,500 on November 17, 1992. There was other evidence offered by the husband that an additional $25,770.51 was withdrawn from his savings account on April 21, 1993, and then applied toward the project. Construction was commenced in early 1995, and the parties occupied the house in November of that year. The parties maintained a joint checking account during a large portion of their marriage, and both contributed to it for household expenses. From October 1998 to February 1999, following the final separation, the wife continued to make deposits to that account. Thereafter, the husband has continued to carry the mortgage and taxes CT Page 12959 himself.
In addition to the house, the parties have an assortment of other assets including automobiles, bank accounts, mutual funds, and retirement accounts. Both carry health insurance through their respective employers. Other than the wife's debt for outstanding attorneys' fees, neither party has any outstanding indebtedness. In addition, the parties filed with the court a Stipulation for Trial dated September 14, 2000 in which they have set forth their agreement with regard to certain issues including the dissolution of marriage, the waiver of alimony, and the distribution of personal property.
The court heard testimony with regard to the breakdown of the marriage. The wife testified from the very beginning the marriage lacked an "emotional and physical connection." The parties were concentrating on their careers and the building of the house, and it is apparent to the Court, that the marriage took a back seat. They did attend some counseling sessions, to no avail. Again, the wife testified that there was no "closeness." Things came to a head in late 1998 when the wife informed the husband that she was looking for a trial separation. She testified that he threatened suicide. In fact, after she left the house, neighbors called the police, and the husband was taken to Hall Brooke Hospital by ambulance where he stayed for five days and underwent a psychiatric evaluation. The separation was completed shortly thereafter. The Court does not consider that incident to be the cause of the breakdown of the marriage, but rather a manifestation of its already troubled state.
 FINDINGS
The Court, having heard the testimony of both parties, as well as their respective real estate appraisers, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-40,46b-51, 46b-62, 46b-63, 46b-81, and 46b-82 of the Connecticut General Statutes, hereby makes the following findings:
1. That it has jurisdiction.
 2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown.
 4. That based on the testimony of the parties and CT Page 12960 their respective financial affidavits, that each is self-supporting.
 5. That the value of the jointly-owned real estate located at 99 Staples Road, Easton, Connecticut, is $650,000, and that the husband contributed $50,000 of his own funds to the purchase of the property and he is entitled to have that sum taken into account regarding the division of the net equity therein. The Court further finds that according to the financial affidavits of the parties, that the current mortgage balance is between $227,000 and $240,000, leaving a net equity of between $410,000 and $423,000.
 6. That the parties have entered into a Stipulation for Trial dated September 14, 2000, which the Court finds to be fair and equitable under all the circumstances, and which shall be attached hereto and made a part hereof
 7. That each of the parties is covered by a separate health insurance policy.
 ORDERS
IT IS HEREBY ORDERED THAT:
 1. The marriage is hereby dissolved on the grounds of irretrievable breakdown.
2. No alimony is awarded to either party.
 3. As to the jointly-owned real estate at 99 Staples Road, Easton, Connecticut, within thirty (30) days from the date hereof, the wife shall convey her interest therein to the husband by means of a fully-executed Quit Claim Deed along with completed Conveyance Tax Forms. Thereafter, the husband shall have exclusive possession of the real estate, subject to the existing indebtedness, and he shall be responsible for the payment of all mortgages, liens, taxes, and insurance, and shall indemnify and hold the wife harmless from any further liability thereunder. The husband shall pay to the wife the sum of ONE CT Page 12961 HUNDRED FIFTY THOUSAND NO/100 DOLLARS ($150,000) upon the sale or other transfer of title to the property (or any portion of it), a refinance of the existing mortgage or the obtaining of new or additional financing, or within one (1) year from the date of this Memorandum of Decision, whichever shall sooner occur. The husband shall execute a simple Promissory Note to the wife to secure this sum, which contains the usual language regarding the payment of reasonable attorneys fees and costs in the event of his default, and which shall not bear interest if paid on or before the end of such one (1) year period, but which will carry simple interest at the rate of eight (8%) percent per annum thereafter until paid in full. Said Promissory Note shall be secured by a mortgage deed. Both the deed and note shall be executed simultaneously with the delivery of the Quit Claim Deed to the husband. The husband shall use his best efforts to refinance the existing mortgage/home equity line and/or otherwise eliminate any obligations of the wife thereunder within one (1) year from the date of this Memorandum of Decision. In the event that said payment is not made to the wife in accordance with this Memorandum of Decision, the husband shall list the property for sale with the Multiple Listing Service (or similar agency) with a real estate broker familiar with real estate values in the Easton area, within thirty (30) days of a written demand made upon him by the wife or her attorney. The obligation to the wife, together with any accrued interest, shall be paid at closing of title from the net proceeds of the sale of said property.
4. The personal property shall be divided as follows:
 A. Each party shall be entitled to keep the automobile which they are currently driving free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same.
 B. The wife shall be entitled to keep the current CT Page 12962 balance in both the Blue Bonnet Money Market and the Vanguard 500 Index Fund (for a total of approximately $32,000) free and clear of any claims by the husband, and the husband shall cooperate with the wife regarding the execution of any documentation necessary to transfer and/or register same.
 C. The wife shall be entitled to the specific items of personal property now located at the marital residence at 99 Staples Road, Easton, Connecticut, as set forth in Schedule A of the Stipulation for Trial dated September 14, 2000.
 D. The remaining personal property of the parties, including bank accounts, tangible and intangible property, shall be divided in accordance with the Stipulation for Trial dated September 14, 2000.
 5. The parties shall retain sole ownership of their respective retirement accounts in accordance with the Stipulation for Trial dated September 14, 2000.
 6. The parties shall each be responsible for the debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon, all in accordance with the Stipulation for Trial dated September 14, 2000.
 7. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action, in accordance with the Stipulation for Trial dated September 14, 2000.
 8. The husband shall be entitled to deduct the mortgage interest and real estate taxes paid by him for the real estate property at 99 Staples Road, Easton, Connecticut, on his state and federal income tax returns for the year 2000.
 9. The Court shall retain jurisdiction to decide any CT Page 12963 issues which may arise regarding the disposition of the real estate and any retirement accounts.
THE COURT
SHAY, J.